MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCOS GRAY, | )<br>) |
| Petitioner | )<br>)<br>) No. 09 C 6231 |
| v. | )<br>) The Honorable William J. Hibbler |
| | ) |
| MARCUS HARDY[1], | )<br>) |
| Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Marcos Gray filed a petition for a writ of *habeas corpus* alleging that his conviction and sentence violate his constitutional rights. Gray, however, continues to pursue post-conviction relief in the state court. The Respondent moves to dismiss without prejudice, arguing that Gray has yet to exhaust his state court remedies. Gray argues that because his post-conviction petition has been pending for so long that any remedy provided by the state is non-existent.

In 2000, a jury convicted Gray of first degree murder and attempted armed robbery. (State Court Record, Ex. A). Gray was sentenced to life imprisonment without parole for the murder conviction and fifteen years imprisonment for the armed robbery conviction. (State Court Record, Ex. B). Gray appealed his convictions to the Illinois Appellate Court, which affirmed his convictions in December 2002. Gray sought leave to appeal the state appellate court's decision to the Illinois

---

[1] Marcus Hardy is currently the Warden at the Stateville Correctional Center and is thus the proper respondent in this *habeas corpus* action. Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. This Court hereby substitutes Hardy as the respondent. Fed. R. Civ. P. 25(d)(1).

1

Supreme Court, but the Illinois Supreme Court denied leave to appeal in June 2003. (State Court Record, Exs. C, D).

While his direct appeal was pending, Gray pursued a collateral attack on his convictions by filing a pro se post-conviction petition in the state court. (State Court Record, Ex. E). The state court appointed counsel for Gray, and counsel agreed to continuances until June 2002. (State Court Record, Exs. A, G). In June 2002, the state moved to dismiss Gray's post-conviction petition. (State Court Record, Ex. H). Gray's counsel then agreed to several continuances until March 2003. (State Court Record).

Even though he was represented by counsel, Gray filed an amended post-conviction petition and an addendum to the amended petition. (State Court Record, Exs. I, J). Although argument was set for the state's motion to dismiss in December 2003, counsel continued to agree to continuances until June 2004. (State Court Record, Ex. A). In June 2004, the state court set Gray's petition for a status in August 2004, but when that date arrived, Gray's counsel agreed to a further continuance. (State Court Record, Ex. A). Ultimately counsel agreed to continuances lasting to September 2005. (State Court Record, Ex. A).

In September 2005, the state court set the matter for a status in December 2005, but Gray then filed multiple motions that were not resolved until June 2006. (State Court Record, Ex. A). Gray's counsel then agreed to further continuances through November 2006. (State Court Record, Ex. A). Gray amended his petition two more times in January and April of 2007. (State Court Record, Exs. L, M). Gray further moved to add additional authority to his petition in October 2007 (State Court Record, Ex. N). In response to these amendments and motions, the state court set a status date in March 2008, but Gray amended his petition again in December 2007. (State Court Record, Exs. A,

O). After Gray's fourth amendment, his counsel agreed to a continuance until April 2008, and agreed to further continuances lasting through October 2008. (State Court Record, Ex. A).

In October 2008, Gray's counsel moved for an extension of time to file a supplemental post-conviction petition or a certificate pursuant to Illinois Supreme Court Rule 651(c), and the state court continued the case until January 2009. (State Court Record, Ex. A). Counsel then agreed to additional continuances lasting through January 2010. (State Court Record Ex. A). In April 2010, the state court dismissed Gray's post-conviction petition. (Respondent Reply, Ex. A). Gray has appealed the state court's ruling. (Respondent Reply, Ex. A).

In October 2009, Gray filed this petition, raising six claims. Although Gray raised some of the claims in his *habeas* petition during his direct appeal, he raised some of them for the first time in his post-conviction petition.

A state petitioner seeking a writ of *habeas corpus* must first exhaust the remedies available to him in state court, thereby giving the state court the opportunity to pass upon the petitioner's federal claims. 28 U.S.C. § 2254(b)(1)(A); *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009). Inordinate, inexcusable delay in a state court post-conviction proceeding excuses a petitioner's obligation to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(B); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

A district court may hold an evidentiary hearing to determine whether a delay is reasonable, but that is not necessary here. *See Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). Here Gray's counsel agreed to multiple continuances, and Gray himself persistently amended and supplemented his petition. Because Gray's counsel speaks for him, the delay cannot be attributed to the state. *Id.*

Gray argues that counsel's delay should nonetheless be attributable to the state. Gray points to the *pro se* petitions that he filed. But in filing these petitions, Gray never informed the state court that he wished to dismiss counsel and proceed on his own. Gray also points out that he has reported counsel to the Attorney Registration and Disciplinary Commission and called counsel's supervisor in efforts to motivate counsel to pursue his claims. Gray seems to imply that his counsel has been ineffective, and that makes the delay caused by counsel inexcusable. There is no right to counsel for a collateral attack, however, and so even if Gray's counsel was ineffective in agreeing to numerous continuances in his post-conviction proceeding, that ineffectiveness cannot be attributed to the state. *Sceifers v. Trigg*, 46 F.3d 701, 703-04 (7th Cir. 1995).

Because Gray and his counsel caused the delay, Gray cannot demonstrate that the state process is not available. Therefore, Gray has not yet exhausted his claims. The Court has the discretion to stay Gray's petition, rather than to dismiss it without prejudice, provided Gray demonstrate good cause for his failure to exhaust and that his claims are not plainly meritless. *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006). Gray has not asked for a stay, nor could he demonstrate good cause for his failure to exhaust. The Court therefore dismisses Gray's petition without prejudice so that he may exhaust his state-court remedies.

IT IS SO ORDERED.

6/18/10
Dated

Hon. William J. Hibbler
U.S. District Court

4